No. 26-5409

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

STATE OF CALIFORNIA,
*Plaintiff-Appellant*,

v.

CHRIS WRIGHT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF ENERGY, ET AL.,
*Defendants-Appellees*.

**On Appeal from the United States District Court for the Central District of California**
No. 2:26-CV-3396-SVW-SSCx
The Honorable Stephen V. Wilson

# UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

ROB BONTA
*Attorney General of California*
SAMUEL T. HARBOURT
*Solicitor General*
JOSHUA A. KLEIN
*Supervising Deputy Solicitor General*

JANE REILLEY
*Deputy Solicitor General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3879
Jane.Reilley@doj.ca.gov

*Attorneys for Plaintiff-Appellant*

September 10, 2026

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b) and Ninth Circuit Rule 31-2.2(b), Plaintiff-Appellant State of California respectfully requests a 14-day extension of time to file its opening brief, up to and including Friday, October 2, 2026. There have been no prior extensions.

This case involves an order issued by Secretary of Energy Wright under the Defense Production Act. The Wright Order instructed Sable Offshore Corporation to begin transporting oil through Pipelines CA-324 and CA-325, which had been dormant since 2015, are located within California, and run through State-owned land. California asserts that the Wright Order is unlawful under the APA, is ultra vires, and cannot legally preempt California laws that govern Sable's operation of the Pipelines.

The district court denied California's motion for a preliminary injunction on August 19, 2026. Plaintiff-Appellant filed a notice of appeal the following day, and this Court set the opening brief filing deadline for September 18, 2026. This motion, if granted, would extend the time for filing the opening brief by 14 days, to Friday, October 2, 2026. Defendants-Appellees and Intervenor-Defendant-Appellees do not oppose the extension request. Reilley Decl. ¶ 4.

The extension request is supported by counsel's diligence and substantial need for additional time. *See* 9th Cir. R. 31-2.2(b). The undersigned lead counsel for Plaintiff-Appellant in this appeal has exercised diligence, including by beginning work on the opening brief immediately upon receiving notice of the district court's order denying California's motion for a preliminary injunction. Reilley Decl. ¶ 8. Additional time is necessary, however: Preparation of the brief will require sufficient time for collaboration and review among attorneys across multiple sections in the California Department of Justice; the case presents questions of significant importance to the State, including the legality of the Wright Order specifically and the preemptive scope of Defense Production Act orders generally; and the Office of the Solicitor General has other pressing work that has limited, and continues to limit, its availability, including responsibility for reviewing and editing briefs in multiple other pending cases. Reilley Decl. ¶¶ 5-6.

Considerations of judicial economy also provide good cause for the requested extension. *See* Fed. R. App. P. 26(b). Specifically, Defendants' motion to dismiss currently is pending before the district court and is set to be heard on September 28, 2026. Plaintiff-Appellant therefore anticipates that the district court could issue its ruling on the pending motion to dismiss shortly after the current opening brief filing deadline of September 18, 2026, but before the requested filing deadline of October 2, 2026. The district

court's ruling on the motion to dismiss could impact the scope of the issues raised in this appeal, and granting Plaintiff-Appellant's requested extension may allow any relevant issues from that order to be addressed in this brief. Reilley Decl. ¶ 7.

On September 9 and 10, 2026, undersigned counsel corresponded with counsel for Defendants-Appellees and counsel for Intervenor-Defendants-Appellees about this extension request. Reilley Decl. ¶ 4. Counsel for each stated that they do not object to the extension. *Id.*

For the reasons stated above and set forth in the accompanying declaration, Plaintiff-Appellant respectfully requests a 14-day extension of the time to file its opening brief, up to and including October 2, 2026.

Dated: September 10, 2026

Respectfully submitted,

*s/ Jane Reilley*

ROB BONTA
*Attorney General of California*
SAMUEL T. HARBOURT
*Solicitor General*
JOSHUA A. KLEIN
*Supervising Deputy Solicitor General*
JANE REILLEY
*Deputy Solicitor General*

*Attorneys for Plaintiff-Appellant*

**DECLARATION OF JANE REILLEY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF**

I, Jane Reilley, declare:

1. I have personal knowledge of the matters set forth below and, if called to testify to them, could do so competently.

2. I am a Deputy Solicitor General in the California Department of Justice. I have principal responsibility for the preparation of Plaintiff-Appellant's opening brief.

3. Plaintiff-Appellant requests a 14-day extension of time to file the opening brief. No other extensions of time have been requested or granted. If Plaintiff-Appellant's request is granted, the opening brief would be due on October 2, 2026.

4. On September 9, 2026, I contacted counsel for Defendants-Appellees and counsel for Intervenor-Defendants-Appellees via e-mail and asked for their positions on Plaintiff-Appellant's request for a 14-day extension of time to file its opening brief. On September 10, counsel for each confirmed that they do not oppose this request for an extension.

5. I am lead counsel for Plaintiff-Appellant in this appeal. I, along with my supervisors and colleagues within the Office of the Solicitor General, have other pressing work that has limited, and continues to limit, our availability, including responsibility for reviewing and editing briefs in multiple other pending cases.

6. Preparation of the brief will require sufficient time for collaboration and review by multiple attorneys in various sections of the Department of Justice. Taking additional time to complete the process of internal review and revision will permit counsel to finalize the brief in a way that will be most helpful to the Court.

7. The requested extension also serves the interest of judicial economy. Specifically, Defendants' motion to dismiss currently is pending before the district court and is set for hearing on September 28, 2026. Plaintiff-Appellant anticipates that the district court could issue its ruling on that motion shortly after the current opening brief filing deadline of September 18, but before the requested extended deadline of October 2. Granting the requested extension therefore could allow Plaintiff-Appellant to address the district court's ruling on the motion to dismiss in its opening brief if appropriate.

8. Counsel for Plaintiff-Appellant has exercised diligence in this matter, including by beginning work on the opening brief immediately upon receiving notice of the district court's order denying California's motion for a preliminary injunction, and will continue to do so. Counsel anticipates filing the opening brief within the time requested.

9. No court reporter is in default.

I declare under penalty of perjury that the foregoing is true and correct.
Executed September 10, 2026, in San Francisco, California.

*s/ Jane Reilley*
Jane Reilley

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion compiles with the requirements of Federal Rule of Procedure 27(d)(2)(A) and Ninth Circuit Rule 27-1 because it contains 541 words, excluding the accompanying declaration exempted by Federal Rule of Appellate Procedure 27(a)(2)(B). I further certify that the motion’s type size and typeface comply with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Times New Roman font.

Dated: September 10, 2026

*s/ Jane Reilley*
Jane Reilley